17806. UNITED STATES FIDELITY & GUARANTY COMPANY *et al. v.*
HAIRSTON, administratrix.

STEPHENS, J. 1. The Georgia workmen's compensation act . (Ga. L. 1920, p. 167) contemplates that compensation awarded thereunder shall be awarded to dependents only. It follows that where compensation, payable in weekly installments under the terms of the act, has been awarded to a widow on account of the death of her husband as a

Costs, 15 C. J. p. 265, n. 74.

Workmen's Compensation Acts, C. J. p. 55, n. 21; p. 56, n. 30; p. 59, n. 55; p. 117, n. 52 New; p. 130, n. 46 New; p. 131, n. 69.

result of injuries received by him arising out of and in the course of his employment, and the widow dies before all the installments awarded her have become due and payable, the installments becoming due and payable after her death are not payable to her estate.

2. Where, after the death of the widow, an administratrix is appointed for her estate and the original award of compensation is by the industrial commission amended by an order which recites the death of the widow as claimant, and which provides that the "compensation due" the claimant "is now due and payable to" the administratrix, this amended order of the industrial commission, in so far as it provides that the compensation shall be payable to the administratrix, will not be construed as making an illegal award to the administratrix of all the remaining installments accruing and becoming due after the death of the claimant.

3. Where the administratrix brings a suit in the superior court wherein she seeks to have the award of the industrial commission made the judgment of the superior court, as provided in section 60 of the workmen's compensation act (Ga. L. 1920, p. 167, 200), and prays for a judgment of the superior court awarding to her as administratrix the remaining installments becoming due and payable after the death of the widow, the petition fails to set out any right of action in the administratrix to recover. The court erred in not sustaining the demurrers to the petition.

4. The demurrer having been overruled and the only evidence introduced in support of the petition being a certified copy of the order of the industrial commission which the petitioner sought to have made the judgment of the superior court, the parts of the record specified in specifications 1, 2, and 3 of the bill of exceptions, to wit, the entire record on appeal from the original award to Fulton superior court, the proceedings in the superior court upon that appeal, the copy of the bill of exceptions excepting to the judgment of the superior court on that appeal, and the copy of the remittitur from the Court of Appeals in that case, were not material to a clear understanding of the errors complained of, but amounted to an unnecessary encumbrance of the record and entailed costs which were unnecessary and which should not be taxed against the defendant in error. It is therefore ordered that the costs of copying and transmitting to this court the parts of the record referred to as being unnecessary be taxed against the plaintiffs in error.

*Judgment reversed, with direction. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 28, 1927.

Appeal; from Fulton superior court—Judge Howard. October 29, 1926.

Application for certiorari was denied by the Supreme Court.

*Bryan & Middlebrooks,* for plaintiffs in error.

*Hugh Howell, John I. Hynds,* contra.