EMPLOYERS LIABILITY ASSURANCE CORPORATION *et al. v.* PRUITT.

No. 13326. JUNE 12, 1940.

*Neely, Marshall & Greene,* for plaintiffs in error.

*Talmadge, Fraser & Camp, Irwin & Latimer,* contra.

GRICE, Justice. It is the insistence of the plaintiff in error, that the Industrial Board is without power to make a lump-sum award in a death case, where the widow is the sole dependent; that the Georgia act provides no machinery for ascertaining the payments to be commuted in favor of a widow; and that in no event should the employer and insurance carrier be required to pay a lump sum award in favor of a widow, unless some arrangement be made under which the unconsumed portion of such award would be refunded if the widow died or remarried before all instalments which could be awarded under the act had become due and payable. There is force in the arguments urged in support of the position so taken; but for reasons hereinafter stated we have reached the conclusion that the contention should not be sustained. Code section 114-417, as amended by the act of 1937 (Ga. Laws 1937, p. 528, 531), and as codified in the 1939 cumulative pocket part of the Code of Georgia Annotated, is as follows: "Whenever any weekly payment has been continued for not less than 26 weeks, the liability therefor may, when the Industrial Board deem it to be to the best interest of the employee or his dependents, or where it will prevent undue hardship on the employer or his insurance carrier, without prejudicing the interests of the employee or his dependents, be redeemed, in whole or in part, by the payment by the employer of

a lump sum which shall be fixed by the Board, but in no case to exceed the commutable value of the future instalments which may be due under this law: Provided, that the lump sum to be paid shall be fixed at an amount which will equal the total sum of the probable future payments, reduced to their present value upon the basis of interest calculated at five per cent. per annum." Under this section as amended the board had the right to award the entire amount to be paid to the claimant in a lump sum. They may do so "in whole or in part." Here they have awarded a part of it, to wit, the attorney's fees, paid in a lump sum.

That the weekly payments to the widow would cease upon her remarriage (Code, § 114-414), and cease altogether upon her death (*United States Fidelity & Guaranty Co.* v. *Hairston*, 37 *Ga. App.* 234, 139 S. E. 685), and if either event should presently occur, that her counsel will have received, under the award of the board, money which plaintiffs in error would never have been called on to pay, might have afforded weighty considerations why the board should not have made the award in a lump sum in part; but we are dealing here with the power of the board so to do. We find in the record a well-considered opinion by Honorable Clifford Pratt, the judge of the superior court, whose decision in this case is under review by the Court of Appeals. We are in accord with the views expressed by him on this subject. It is in part as follows: "The remaining question presented by the record here is whether the Industrial Board exceeded its authority in providing in the award that the fee of the counsel for the widow-claimant in this case awarded to be paid in a lump sum and credited against the last instalment payments to the claimant. It is conceded that it can only be legally justified under the provisions of Code 114-417 as amended by the act of 1937 (Georgia Laws 1937, pp. 230 et seq.). This provision is that 'whenever any weekly payment has been continued for not less than 26 weeks, the liability therefor may, when the Industrial Board deem it to be to the best interest of the employee or his dependents, . . be redeemed, in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the board.' The appeal to the full board is a trial de novo. *Peninsular Life Ins. Co.* v. *Brand,* 57 *Ga. App.* 526 (196 S. E. 264). The judgment now under review is the judgment of the full board. At that time the weekly payments

had been due for a continuous period of at least 26 weeks. The counsel fee is a part of the award to claimant. Thus, it is my opinion that the board was within the authority conferred on it by the section referred to, as amended in 1937."

Both questions propounded by the Court of Appeals are answered in the affirmative.                    *All the Justices concur.*