29510. LUMBERMEN'S MUTUAL CASUALTY COMPANY
et al. v. McINTYRE.

DECIDED JULY 23, 1942.

*Fraser & Irwin,* for plaintiffs in error.
*Lindsay & Lindsay,* contra.

FELTON, J. On November 29, 1940, Mrs. Caroline McIntyre was awarded compensation by a single director of the Industrial Board, this award being for total disability for a period not exceeding three hundred and fifty weeks, "or until such time as there may be a change in condition when upon the application of a party at interest a hearing will be held and an award rendered in accordance with the facts established at such hearing." On October 28, 1941, an award was made by the board to the effect that after due consideration the full board was of the opinion that it would be to the best interest of the claimant to grant the remaining payments of compensation in a lump sum, and the insurer was ordered to pay in a lump sum the balance of the compensation awarded originally. The insurer appealed to the superior court and the judge affirmed the award. The insurer excepts on the grounds set out in Code § 114-710. It appears from the record that no evidence was heard on the application of the claimant to have the compensation paid in a lump sum.

The provision for commuting to a lump sum the compensation previously awarded is found in Code § 114-417, which, as amended in 1937, reads: "Payment in lump sum. Whenever any weekly payment has been continued for not less than 26 weeks, the liability therefor may, when the Industrial Board deem it to be to the best interest of the employee or his dependents, or where it will prevent undue hardship on the employer or his insurance carrier, without prejudicing the interests of the employee or his dependents, be redeemed, in whole or in part, by the payment by the employer

of a lump sum which shall be fixed by the board, but in no case to exceed the commutable value of the future installments which may be due under this law: Provided, that the lump sum to be paid shall be fixed at an amount which will equal the total sum of the probable future payments. . ." Prior to the amendment of 1937 the law required that there be an agreement between the employer and the employee and approval of the board before there could be a commutation of the award.

It is contended by the insurer that the award that the compensation be paid in a lump sum is illegal because it has not been determined and adjudicated that the employee is permanently and totally incapacitated, and for the further reason that there was no evidence introduced on the hearing showing that it was to the best interest of the employee, or that it was necessary to prevent undue hardship to the employer or his insurance carrier. The defendant in error contends that under the authority of *Employers Liability Assurance Cor.* v. *Pruitt,* 190 *Ga.* 479 (9 S. E. 2d, 641), the Industrial Board had the power, within their discretion, to grant the commutation of the award on the record of the hearings to determine the disability and compensation in the first instance.

This is a case of first impression in Georgia on the questions raised, and in so far as we have been able to find, a case of first impression in this country. In order to arrive at the right conclusion we have compared the provisions of our law with regard to the commutation of compensation to a lump sum with the laws of the other States and territories, and while there is a great deal of similarity, there is no law that we find exactly like ours in its terms. Most of the States require that before commutation may be granted it shall be for the best interest of the employee or his dependents. Some of the States, California, Colorado, Hawaii, Montana, Nevada, New York, Washington, provide that the board, or commission, as the case may be, can grant commutation in their discretion. Provisions for notice and a hearing are made in Arkansas, Delaware, Illinois, Iowa, Kentucky, South Dakota, and possibly others which we will not attempt to list. In Pennsylvania it is provided that unless the employer agrees to the commutation the employee must indemnify the employer against overpayment. The States requiring that the incapacity must be permanent total or permanent partial are North Dakota, Texas, and in the United States

employees act. In some acts (Florida, District of Columbia, North Dakota) it is provided that all contingencies except death or remarriage shall be disregarded.

We have not attempted to set out what all of the workmen's comsation acts provide, but simply enough to give a cross section of the intentions of the various legislatures throughout the country on the question of lump-sum payments. The prime consideration of the large majority of the acts, as stated in them, is the best interest of the employee and his dependents, and, as stated in some of the acts, the best interest of the employer and his insurer. In a very few jurisdictions is it necessary that the incapacity be either permanent partial or permanent total.

Bearing in mind the provisions of the Georgia law that the compensation may be ordered paid in a lump sum when the board deems it to the best interest of the employee or his dependents, or will prevent undue hardship on the employer or his insurance carrier, and that the total sum to be paid shall equal the sum of the probable future payments, we come to the first contention of the insurer that before a lump-sum payment can be ordered in this case it must first be adjudicated that a definite amount of compensation will be payable. In the Georgia act there is no provision for indemnification of the employer and his insurer, and no provision for taking into consideration the probable death of the employee. Obviously the probability of remarriage would make no difference here because the employee is to be paid the compensation and is not a dependent widow. But even though there be probabilities of the death of the employee from some cause other than as a proximate result of the accident and change in condition of the applicant, we can not reconcile the provision of the law that "the lump sum so paid shall be fixed at an amount which will equal the total sum of the *probable* future payments" with the idea that the incapacity must be permanent and the amount of compensation must be definitely determined. The use of the word "probable" by the legislature conveys to us the idea that it was their intention that even though there should be a temporary disability the board could determine what the amount of the probable future payments would be, and if it deemed it to be to the best interest of the parties it could award a lump-sum payment. This is true, we think, even though in the case of a permanent partial or total disability in

some cases the amount of the compensation to be paid could be affected by the happening of some contingency such as death, thus rendering the amount to be finally paid problematical. We think that under the Georgia law it is not a condition precedent that it first be adjudicated that the disability is permanent and that a definite amount of compensation be fixed. If this were not true there would be no lump-sum payments of compensation except as compensation for the injuries enumerated in Code § 114-406. The first contention of the insurer is without merit.

We are next confronted with the question as to whether the Industrial Board has the power and authority to award a lump sum in lieu of weekly compensation without hearing any evidence as to whether it is to the best interest of the employee or her dependents, or as to whether it will prevent any undue hardship to the employer or his insurance carrier, and without determining from evidence introduced on the hearing of the application for a lump-sum payment the total sum of the probable future payments to be made under the original award.

Workmen's compensation acts are enacted to benefit employees and their dependents. The purpose of compensation is that it shall be in lieu of wages, and it is the intention of the acts that it shall be paid as wages; that is, periodically. Any deviation from this method of payment is contrary to the declared purpose of the acts, and must be done only as provided by law. It is a matter of common knowledge that one paid a large sum of money in a lump sum instead of small periodical payments is more prone to dissipate it, and the probability that the money would be expended in the manner intended is small, if not nonexistent.

Our act provides that lump-sum payments may be made when the board deems it to the best interest of the employee that it should be so paid. "Deemed" has been variously defined as being synonymous with "considered" and "adjudged." Just what is necessary for the board to be able to "deem" it to the best interest of the employee to be paid in a lump sum? In the case at bar the employee was awarded compensation in November 1940 and was paid compensation for about two years. The only evidence in the record is the evidence that was used in the hearing on which the first award was based. The application for the commutation of the award set up certain reasons why it would be to the best interest of

the employee to have it paid in a lump sum. The insurance carrier objected to the payment of the compensation in a lump sum. In such a case, could the board, without any evidence as to the truth of the representations in the application, or any evidence of whether such commutation was to the best interest of the employee, or any evidence to show the amount of probable future payments, properly grant the payment in a lump sum? There were numerous factors to be considered. There is the probability that the employee might die; that she may have had an operation as mentioned in the award, and that such operation lessened her incapacity; that the condition which caused her total disability had so improved as to approach recovery; that her condition at the time of the application was not the same it was at the time of the first award; that because of a change in condition which might be probable the employer, if required to pay a lump sum would be required to pay more than he would be required to pay under the law in the absence of a lump-sum award. There is the further consideration that the State itself has an interest in the proper application of the compensation, that the recipient of it should not squander it and become an object of charity. These are just some of the things which should be considered by the board in determining whether the payment of the award in a lump sum would redound to the benefit of the employee. Judge Bell in *Globe Indemnity Co.* v. *Lankford*, 35 *Ga. App.* 599, 601 (134 S. E. 357) said: "The lump-sum settlement in this case, as ought to be true in every case, represented the converted cash value of the weekly installments to which the employee would be entitled, considering his *then apparent condition.*" (Italics ours.) With this statement we are in accord. In view of the many considerations to be given in order to determine just when the best interests of the parties will be served, we hold that the Industrial Board was without authority to make an award in a lump sum in the absence of evidence showing that it was to the best interest of the parties and in the absence of any evidence as to the probable future payments. Especially is this true when the insurance carrier objected to the payment as ordered, and objected at the time of the application.

The decision in *Employers Liability Assurance Cor.* v. *Pruitt,* supra, is not contrary to what is here said, for the reason that in that case the court was dealing solely with the question of the

power of the Industrial Board to order payment of compensation in a lump sum. It might be well, however, to quote from that case a sentence which leads us to believe that the conclusions we have reached are proper: "That the weekly payments to the widow would cease upon her remarriage [cit.], and cease altogether upon her death [cit.], and if either event should presently occur, that her counsel will have received, under the award of the board, money which plaintiffs in error would never have been called on to pay, might have afforded weighty considerations why the board should not have made the award in a lump sum."

The judge erred in affirming the award of the Industrial Board granting compensation to the claimant in a lump sum. The former judgment of affirmance in this case is vacated, the opinion rendered is withdrawn, the judgment is reversed, and the foregoing opinion substituted for the original opinion.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*