38132. UNITED STATES FIDELITY & GUARANTY COMPANY *et al. v.* TAYLOR.

DECIDED APRIL 6, 1960—REHEARING DENIED APRIL 20, 1960.

*Burt & Burt, H. P. Burt,* for plaintiffs in error.
*Watson & Keenan, Stuart Watson,* contra.

FELTON, Chief Judge. The only question in this case is whether, where an employee is injured by a compensable accident and dies as a result, the amount of reasonable expenses of his last illness is limited to $1,500. The expenses in this case were $7,780.15, a hospital bill and bills of various doctors. The

hearing was called at the request of the employer and insurance carrier to urge their contention that the last illness expenses were so limited, and to have the alleged limit of $1,500 prorated among the hospital and doctors. While in an agreement on compensation the parties signed an agreement stipulating the sum of $1,500 for medical expenses subject to correction by the board, no contention was made at the hearing by the employer and insurance carrier that the agreement was binding, but the issue was made solely on the basis that such expenses were limited by law to $1,500. The board found that the last illness expenses were not limited to $1,500, and allowed the amounts of all the bills presented. No point was made that the amounts were not reasonable or that they were not for the last illness. The superior court affirmed the award, and the employer and insurance carrier excepted.

1. It seems to us that the question here involved was settled by the ruling in *American Mut. Liab. Co.* v. *Castleberry*, 46 *Ga. App.* 60 (166 S. E. 670), in which the court ruled that under the law then applicable there was no fixed limit to the amount allowed for the last illness of an employee in such a case. Under that ruling the then existing law did not limit the medical expenses of last illness in a case where death resulted from the accident. The wording of the old law is the same as the present law (Ga. L. 1955, pp. 210-214; Code, Ann., § 114-413(a)), except that the amount for burial expenses is higher now. We do not think that the court in the case above cited intended to say that the sole reason for its ruling was that more compensation was allowed at that time in non-fatal cases than in fatal cases. The court stated that the law meant what it said. That case was decided in 1932 and with knowledge of its existence the General Assembly has not seen fit to amend the law to limit the amount of last illness expenses except by the standard of reasonableness. It seems to us that to rule contrary to the ruling in the *Castleberry* case would be to enter the field of legislation in an area where judicial legislation would violate the rule against judicial encroachment upon the legislative function.

The court did not err in affirming the award.

*Judgment affirmed. Nichols and Bell, JJ., concur.*