38372. HARTFORD ACCIDENT & INDEMNITY COMPANY *et al.* v. FULLER.

DECIDED SEPTEMBER 13, 1960.

*John M. Williams, C. L. Daugherty,* for plaintiffs in error.
*George D. Stewart, William Hall, George T. Bagby,* contra.

BELL, Judge. ■ The plaintiffs in error contend that no evidence was taken before the full board at the hearing on the granting of the lump-sum settlement as to probable future payments, and thus the award should be reversed. *Code Ann.* § 114-417 provides in essence that after weekly payments have been continued for not less than 26 weeks, a lump-sum settlement may be awarded, in whole or in part, when it is deemed to be in the best interest of the employee or his dependents, or where it will prevent undue hardship to the employer or his insurance carrier, without prejudicing the interests of the employee or his dependents. This statute further provides that the lump-sum award shall in no case exceed the commutable value of future instalments which may be due under the law and it expressly requires that the lump sum shall be fixed at an amount which will equal "the total sum of the *probable future payments,* reduced to their present value upon the basis of interest calculated at five percent per annum." (Emphasis added.) In this case it

is to be noted that the original award of the State Board of Workmen's Compensation, as affirmed by the full board, is in part as follows: "Wherefore, based on the above findings of fact and conclusion of law, the City of Villa Rica, employer, and/or Hartford Accident & Indemnity Company, insurer, are hereby directed to pay to the claimant, J. T. Fuller, compensation for *temporary total disability,* at the rate of $29.08 per week commencing October 5, 1958, and continuing for a period not to exceed 400 weeks as provided for by the statute." (Emphasis added). The finding of fact by the Deputy Director who first made this award was that the claimant was "totally and temporarily disabled." The subsequent proceedings before the board have not changed this finding that the claimant is *temporarily* disabled, although the final proceeding before the board stated that the award was for 343.87895 weeks at $29.08, or $10,000 which is the maximum amount of compensation allowable under the act for total permanent disability. But there is nowhere in the record or proceedings involved in this case any finding that the disability is in actuality permanent and total.

This appears to be a case of first impression before an appellate court in this State involving the situation where the State Board of Workmen's Compensation has awarded a lump-sum settlement for attorney's fees only, based on an award for temporary total disability of the claimant client. We cannot construe the workmen's compensation statutes as authorizing this action. The opposing parties in this case both cite the case of *Lumbermen's Mutual Casualty Co. v. McIntyre,* 67 Ga. App. 666 (21 S. E. 2d 446). There is in that case some language which tends to support the claimant's contention that a lump-sum award may be made "to be paid . . . at an amount which will equal the total sum of the probable future payments." The court, in the *McIntyre* case at page 669, stated, "We think that under the Georgia law it is not a condition precedent that it first be adjudicated that the disability is permanent and that a definite amount of compensation be fixed." However, what the court said about the permanency of the award we feel is dictum, because the court there held that the record of the case did not contain sufficient evidence to support the award. Another case in-

volving this problem is *Borden Co. v. Fuerlinger*, 95 Ga. App. 556 (98 S. E. 2d 410). In that case the court stated that a hearing as to whether the claimant's compensable condition has reached its maximum improvement is not a prerequisite to a lump-sum award. That case is distinguishable from the present case, because in the *Borden* case there was an award by the State Board of Workmen's Compensation granting the plaintiff twenty-five percent *permanent* partial disability. The lump-sum award was then made after a finding of permanent disability, while here the award was entered after a finding of temporary disability. It appears, therefore, that there are no decisions involving the precise question now before the court. Accordingly, we hold that it is error for the board to treat an award for temporary total disability as though it were for permanent total disability and to award as attorney's fees in a lump sum the final one-third of the maximum benefits which could possibly accrue. Since the award was for temporary disability, it is quite possible that the compensation awarded as attorney's fees might never become due. Conformably, we must hold that the award of attorney's fees in the lump sum was without evidence to support it, under which status *Code* § 114-710 requires its reversal.

■ Each of the parties by brief debates the question as to whether the attorney's fees can be awarded in a lump sum so as to be credited at the terminal period for which compensation is awarded. While we have found no case directly in point on the factual situation of the present case, there is precedent for the award of attorney's fees in a lump sum for which the employer and insurance carrier were allowed to take credit at the end of the compensation period for the amount of attorney's fees thus awarded. See *Employers Liability Assurance Corp. v. Pruitt,* 190 Ga. 479 (9 S. E. 2d 641). In the *Pruitt* case the award for which the attorney's fees were given in a lump sum at the end of the allowable period was an award for death in favor of the widow of the deceased employee. In spite of the arguments of the employer and the insurer that the award for death benefits under the Workmen's Compensation Act were contingent upon her continuing in life and not remarrying, the Supreme Court held that the board had the power to make the award. It is clear,

however, that practically all workmen's compensation awards are contingent upon one or more of many varying conditions. Thus, an award for permanent total disability under *Code Ann.* § 114-404 is contingent upon the continuance of "such total incapacity," and if death results from causes other than the injury sustained by the workman, the benefits cease. See *United States Fidelity & Guaranty Co. v. Hairston,* 37 Ga. App. 234 (139 S. E. 685), and *Code Ann.* § 114-413. Similarly, awards for partial incapacity, under *Code Ann.* § 114-405, are payable only "during such incapacity." Death benefits are also contingent upon diverse factors. The remarriage of a widow will terminate her right to compensation. Children attaining the age of 18 cease to become entitled to death benefits unless physically or mentally incapacitated, and certain classes of dependents would cease to be entitled to the death benefits if they cease to be dependent. Also, the death of the widow, children, or other dependents terminates the receipt of benefits. See *Code* § 114-414.

In view of all of the contingencies which could cause the cessation of payments either for death benefits or for temporary or total permanent disability, injustice will less likely occur if the award of lump-sum payments be sparingly granted, since, obviously, they may be paid in full in cases where the amount paid under the order might never accrue. But these awards are never within our province to initiate, or, indeed, to control except in those few circumstances authorized by the law. Furthermore, we are bound to follow the decision of the Supreme Court in the case of *Employers Liability Assurance Corp. v. Pruitt,* 190 Ga. 479, supra, which held that the board has the power to render such an award regardless of the contingencies which could affect the amount ultimately payable. Since the Supreme Court has enunciated this rule with respect to death benefits, we see no logical reason why it should not apply to awards for permanent total incapacity. But permanent total incapacity is not involved here.

Accordingly, we are constrained to hold that the State Board of Workmen's Compensation is without authority, under *Code Ann.* § 114-417, to make a lump-sum award of attorney's fees with credit to be taken by the employer or insurer at the end of

the maximum compensation period, where the previous award was given for *temporary total disability* only.

The judgment of the superior court affirming the award of the board is hereby reversed.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*