### 39750. COATES & CLARK, INC. v. THOMASON.

BELL, Judge. The employer contends that the State Board of Workmen's Compensation had no authority to make a lump-sum award in this case as there was not sufficient competent evidence in the record to justify its findings. A majority of the board found, as a fact, that the claimant was totally and permanently disabled. This finding was supported by some competent evidence as the physician testified that the claim-

ant was 100 percent disabled; that he would strongly advise against doing any surgery on the claimant; that claimant does not respond to conservative treatment; and that the physician was at a loss as to how now to proceed with further treatment. Under numerous decisions the finding is binding upon this court.

The findings of the board embraced all of the essentials required under *Code Ann.* § 114-417. This gave the board the authority to award the balance of the compensation due in a lump sum. *Employer's Liability Assurance Corp. v. Pruitt,* 190 Ga. 479 (9 SE2d 641). Cf. *Hartford Acc. &c. Co. v. Fuller,* 102 Ga. App. 384 (116 SE2d 628). *Hartford* is distinguishable from the present case since here the board has found, as a fact, that the claimant is totally and permanently disabled while in *Hartford* there was no such finding, but on the contrary, the award there was for temporary total disability.

The superior court properly affirmed the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Carlisle, P. J., and Nichols, P. J., Frankum, Jordan, Hall, Eberhardt and Russell, JJ., concur. Felton, C. J., dissents.*

DECIDED NOVEMBER 19, 1962—REHEARING DENIED DECEMBER 17, 1962.

*Reed, Ingram & Flournoy, Conley Ingram,* for plaintiff in error.

*Miles B. Sams,* contra.

FELTON, Chief Judge, dissenting. I am constrained to believe that the majority has overlooked a very important truth in this case. It has been decided by this court that the board may make a finding of permanent disability without having to go into the separate and independent question of whether the employee has reached maximum improvement. The rationale of such a ruling is that a finding of permanent disability is not res judicata on that question as another award can be made on a petition based on a change in condition. The situation is different, however, when the question before the board is a lump-sum settlement. In determining whether a lump-sum settlement

should be awarded it is my opinion that the board should be required to inquire into the question whether the employee had reached maximum improvement before making a lump-sum award. A lump-sum award is not proper when there is only temporary disability. *Hartford Acc. &c. Co. v. Fuller*, 102 Ga. App. 384, supra. I do not believe that the intention of *Code Ann.* § 114-417 is to authorize an award of a lump-sum settlement unless maximum improvement in the condition of the employee is shown by competent evidence. I do not think it was the intention of the legislature to permit a lump-sum settlement in the face of a probability that an employee's condition would be improved so as to decrease his economic loss before the time for the payments for his accidental injury had expired. In this case, to my mind, the medical evidence clearly shows that maximum improvement had not been reached and that there was a good probability that the employee would soon improve and be able to return to work and reduce his economic loss. *Employer's Liability Assurance Corp. v. Pruitt*, 190 Ga. 479, supra, involved a deceased employee and there could not be much question there about maximum improvement. In *Borden Co. v. Fuerlinger*, 95 Ga. App. 556 (98 SE2d 410), the question of whether the board was required to find maximum improvement as a prerequisite for a lump-sum is obiter dictum because a lump-sum settlement was not involved in that case. This kind of an award should not be sustained on the same basis as an award for either partial or total permanent disability. In the latter case there is no necessity for the board to determine at the time of the award whether maximum improvement has been reached or not, because if it has not, an application based on change in condition would be in order and could protect the rights of the parties; whereas, in a lump-sum settlement case it is necessary for the employee to prove maximum improvement in order to protect the rights of the employer in the event that after a lump-sum has been awarded material improvement reducing the economic loss of the employee might occur in which event it would be impossible for the employer to recover the loss he had sustained by reason of the lump-sum settlement. I know of no case holding to the contrary except the majority opinion in this case

and I think that it is a dangerous precedent and not in accord with the purpose and intent of the compensation laws.