**In re Fred THOMASES, Debtor.**

**Bankruptcy No. 82 B 11235 (EJR).**

United States Bankruptcy Court,
S.D. New York.

Sept. 7, 1983.

Willkie, Farr & Gallagher, New York City, for debtor.

Skadden, Arps, Slate, Meagher & Flom, New York City, for Harry Gordon.

## DECISION ON ORDER TO SHOW CAUSE TO VACATE ORDER GRANTING RULE 205 EXAMINATION OF HARRY GORDON

EDWARD J. RYAN, Bankruptcy Judge.

On July 13, 1983 a hearing was held before this court on why an ex parte order authorizing examinations of Harry Gordon under Bankruptcy Rule 205(a) should not be vacated.

On June 20, 1983 Judge Galgay approved a motion on the part of Fred Thomases, debtor and debtor in possession, to examine Harry Gordon pursuant to Rule 205(a). Gordon maintains that the ex parte order should be vacated.

Fred Thomases is a shareholder and creditor of Brucol Industries, Inc. (Brucol) and its affiliated industries. The Brucol companies are Chapter 11 debtors in possession in a proceeding pending before Judge Galgay.

Prior to the initiation of Brucol's reorganization proceeding during August, 1981, both Thomases and Gordon had executed personal guaranties to various institutions which had granted loans to Brucol.

Both Thomases and Gordon filed Chapter 11 petitions, which were undoubtedly precipitated by the claims of their guarantee creditors.

Prior to the filing of his own reorganization petition, Gordon had commenced an adversary proceeding on February 7, 1983 to modify the Section 362 stay as to Fred Thomases to enable Gordon to file and prosecute certain actions against Thomases in New Jersey.

On May 31, 1983, Gordon filed complaints in the New Jersey State Superior Court, and the Federal District Court of New Jersey (the New Jersey Actions), and alleged against Thomases in both actions acts of common law fraud and violations of the federal Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C. ¶ 1961 et seq. (1976). These allegations were claimed to be in connection with *inter alia* Thomases' alleged failure to keep Gordon apprised of the financial condition of the Brucol Company, and with certain alleged misdeeds of the operation of a partnership which financed account receivables for and made loans to Brucol.

On May 31, 1983, Gordon filed a proof of claim against Thomases in this court in lieu of the New Jersey actions, and annexed copies of the New Jersey complaints to the proof of claim.

Thomases now seeks to examine Gordon as to his claims that are pending before the New Jersey courts.

Under Bankruptcy Rule 205(a) where a witness other than a "bankrupt" is to be subjected to an examination, some showing of cause must be stated by the movant. It is within the discretion of the court to decide in each particular case what constitutes sufficient cause and whether to require examination of a party. 12 Collier on Bankruptcy ¶ 205.08 at –84 (14th ed. 1978). Generally, the court must consider whether denial of production would cause the moving party undue hardship. *See Freeman v. Seligson,* 405 F.2d 1326, 1336 (D.C.Cir.1968).

Counsel for Fred Thomases claims that a Rule 205(a) examination is necessary "to confront Mr. Gordon with the allegation that he didn't know what was going on in this business in which he and Thomases were partners, to confront him (Gordon) with the allegation that Thomases was essentially stealing money from the business while Gordon was at the same time signing notes to Thomases partnership, the so called vehicle." Record p. 4.

Counsel for Fred Thomases has failed to demonstrate the existence of good and sufficient cause for a Rule 205 examination. Given the fact that the same discovery may be had before the New Jersey courts as to deposing Harry Gordon, this court perceives no undue hardship that is imposed on Fred

Thomases by precluding a Rule 205(a) examination of Harry Gordon before this court.

Accordingly, the ex parte order issued by Judge Galgay, allowing for a Rule 205(a) examination of Harry Gordon by counsel for Fred Thomases should be vacated.