**In the Matter of Johnny E. PERRY, d/b/a J & R Granite Co., Debtor.**

**Bankruptcy No. 85–30191.**

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

Jan. 14, 1986.

William C. Head, Athens, for debtor.

Ray B. Burruss, Jr., Lawrenceville, and Joanna B. Hannah, Hartwell, for objectors.

Camille Hope, Macon, Trustee.

## ORDER ON OBJECTIONS TO CONFIRMATION

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

Debtor, Johnny E. Perry, d/b/a J & R Granite Co., filed his petition under Chapter 13 of the Bankruptcy Code on July 30, 1985. Five parties in interest, Phyllis M. Beasley, f/k/a Phyllis M. Chastain, and her minor children, Christy Diana Chastain and David Paul Chastain; Joanna B. Hannah; and Ray B. Burruss, Jr., ("Objectors") object to the confirmation of Debtor's Chapter 13 plan, asserting that Debtor is not eligible for relief under Chapter 13 of the Bankruptcy Code.

Section 109(e) of the Bankruptcy Code provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

11 U.S.C.A. § 109(e) (West 1979).

If Debtor's noncontingent, liquidated, unsecured debts, as of the date he filed his Chapter 13 petition, equal or exceed $100,-000, then Debtor may not be a debtor under Chapter 13 of the Bankruptcy Code.

Debtor lists in his Chapter 13 Statement unsecured debts of $84,109.17. Debtor schedules the claim of the Objectors to be $65,000. The Objectors assert that they have a noncontingent, liquidated, unsecured claim of $83,493.80. If the Objectors are correct, then Debtor's noncontingent, liquidated, unsecured debt would exceed $100,000, and Debtor would not be eligible for relief under Chapter 13 of the Bankruptcy Code.

In discussing section 109(e), Collier on Bankruptcy notes:

> Within section 109(e) are contained the standards which must be complied with for an individual to be eligible to be a debtor under chapter 13, which governs the adjustment of debts of an individual with regular income. A purpose of that chapter is to allow the small sole proprietor, for whom the reorganization process provided in chapter 11 is too cumbersome a procedure or otherwise inappropriate, to obtain relief under the Bankruptcy Code. The eligibility critieria [sic] set forth in respect to this provision are specific and restrictive, with monetary amounts established to govern eligibility

so as to insure that those persons for whose benefit the chapter is directed are those who employ its provisions. Thus, the fundamental purpose of section 109(e) is to establish the dollar limitations on the amount of indebtedness that an individual with regular income can incur and yet file under chapter 13.

. . . .

In contrast to provisions involving chapter 7 debtors, the language of section 109(e) is drafted explicitly to require that a chapter 13 debtor *owe debts* on the date that the petition is filed. However, while the debtor must owe some debts, he cannot owe debts in too large an amount and still expect to take advantage of the streamlined rehabilitative scheme provided in chapter 13. Thus, the core of subsection (e) is directed toward the establishment of monetary amounts which determine eligibility for chapter 13 relief. . . .

2 Collier on Bankruptcy ¶ 109.05 (15th ed. 1985) (footnotes omitted).

The claim of the Objectors is based upon an order of the Georgia State Board of Workers' Compensation dated November 13, 1984. In the order, the Administrative Law Judge made the following award:

Johnny Perry, doing business as J and R Granite Company, a sole proprietorship, Employer, is hereby directed to pay PHYLLIS M. CHASTAIN, Widow/Claimant, compensation at the rate of $148.50 per week, for her use and the use of the minor children, commencing September 8, 1983, and continuing until terminated according to Law.

Johnny Perry, doing business as J and R Granite Company, Employer, is further directed to pay the medical expenses and burial expenses as found above, subject to the statutory maximum of $1,500.00 for burial expenses.

Johnny Perry, doing business as J and R Granite Company, Employer, is further directed to pay the Claimants' attorneys in a lump sum one-third (33⅓%) of benefits to be paid to the Widow/Claimant from September 8, 1983, to the date of this Award and one-third (33⅓%) of benefits to be paid hereafter, all without deduction from benefits paid or payable to the Widow/Claimant, subject to only 400 weeks unless sooner terminated according to Law.

Accrued income benefits, medical and burial expenses, and assessed attorney's fees are due and payable upon issuance and receipt of this Award.

*Chastain v. Perry*, Claim No. 253–90–6326, slip op. at 2 (Ga.Admin.Law Ct. Nov. 13, 1984).

The award of the Administrative Law Judge was reviewed de novo by the Georgia State Board of Workers' Compensation, and by order dated February 26, 1985, the Board made the Administrative Law Judge's award the Board's award. Because Debtor did not pay the Board's award timely, Phyllis M. Beasley, f/k/a Phyllis M. Chastain, and her minor children brought an action in the Superior Court of Elbert County, Georgia to have the Board's award to them made the judgment of the Superior Court of Elbert County, as provided for in section 34–9–106 of the Georgia Code. O.C.G.A. § 34–9–106 (Michie 1982). On June 25, 1985, the superior court entered a Final Judgment in favor of Mrs. Beasley and her minor children.

■ The judgment of the Superior Court of Elbert County is final and binding and establishes a noncontingent, liquidated, unsecured debt owed by Debtor. Debtor argues that the debt is contingent because the amount of the award would be reduced should one of the minor children involved die. Contrary to Debtor's argument, Georgia law provides that "compensation awarded jointly to the spouse and children [as dependents] *is not diminished* simply because one of their members is no longer entitled to participate in its use." *Georgia Forestry Commission v. Harrell*, 98 Ga. App. 238, 240, 105 S.E.2d 461, 462 (1958) (emphasis added). *See also United States Fidelity & Guaranty Co. v. Dunbar*, 112 Ga.App. 102, 109, 143 S.E.2d 663, 669 (1965). The conditions which require termination of a dependent's compensation

award are set forth in section 34–9–13(e) of the Georgia Code. O.C.G.A. § 34–9–13(e) (Michie Supp.1985). Under this section, Mrs. Beasley's right to receive compensation terminated when she remarried. *See Hartford Accident & Indemnity Co. v. Fuller,* 102 Ga.App. 384, 388, 116 S.E.2d 628, 631 (1960). The right of the children to receive compensation has not terminated because they are both younger than eighteen.[1] Even when the oldest child reaches the age of eighteen, Debtor is obligated to pay the *full amount* of $148.50 to the youngest child, until such child reaches the age of eighteen on March 7, 1993. Debtor's liability to the Objectors, therefore, is fixed and absolute under the terms of the Final Judgment and is not dependent upon some future occurrence.

The Final Judgment also established a liquidated debt because the debt is readily computable. Mrs. Beasley's minor children are entitled to receive $148.50 per week, commencing September 8, 1983, until terminated according to Georgia law. In this instance, termination will occur on March 7, 1993; therefore, the total amount of compensation to be paid to the dependents is $73,549.93. Pursuant to the compensation order, Ms. Hannah and Mr. Burruss, two of the objecting parties, are entitled to receive a total amount of $22,861.93.[2] An additional amount of $1,620.80 was awarded for medical and burial expenses. *See United States Fidelity & Guaranty Co. v. Taylor,* 101 Ga.App. 544, 114 S.E.2d 441 (1960). The total amount awarded to Objectors was $98,032.66.

Commencing on September 8, 1983, Mrs. Beasley and her minor children were entitled to receive the weekly payments of $148.50. As of the filing of Debtor's Chapter 13 case on July 30, 1985, Debtor should have made approximately ninety-eight weekly payments, for a total of $14,659.07. Because Debtor has failed to timely pay the award, Mrs. Beasley and her minor children are entitled to a twenty percent penalty under section 34–9–221(f) of the Georgia Code. O.C.G.A. § 34–9–221(f) (Michie Supp.1985). *See* O.C.G.A. § 34–9–221(j) (Michie Supp.1985). A twenty percent penalty on $14,659.07 is $2,931.81. When the Court adds the $2,931.81 statutory penalty to the $98,032.66 total award, a claim in the amount of $100,946.47 exists as of the filing of Debtor's Chapter 13 case.

Debtor argues that the Objectors' workers' compensation award must be discounted to its present value as of the date of the filing of Debtor's Chapter 13 case. It is true that section 502(b)(2) of the Bankruptcy Code prohibits allowance of unmatured interest, but the Objectors' claim does not contain unmatured interest. *See* 11 U.S.C.A. § 502(b)(2) (West 1979). The claim involves the mere computation of the amount of Debtor's debt to the Objectors as established by the workers' compensation award. The fact that the claim includes payments which are due in the future does not in anyway affect the total amount of the award.

Since the amount of Debtor's debt to the Objectors, as of the filing of the Chapter 13 case, is $100,964.47 and Debtor lists other noncontingent, liquidated, unsecured debts totaling $19,109.17, Debtor's noncontingent, liquidated, unsecured debt totals $120,073.64. This exceeds the $100,000 ceiling established by section 109(e); therefore, Debtor is not entitled to relief under Chapter 13 of the Bankruptcy Code.

Accordingly; it is

---

**1.** The right of a minor child to receive the full compensation award terminates when that child reaches the age of eighteen, unless one of the conditions under section 34–9–13(b)(2) are satisfied. O.C.G.A. § 34–9–13(b)(2) (Michie Supp. 1985). *See also* O.C.G.A. § 34–9–13(e) (Michie Supp.1985); *Turner v. United States Fidelity & Guaranty Co.,* 125 Ga.App. 371, 371–72, 187 S.E.2d 905, 906 (1972); *United States Fidelity & Guaranty Co. v. Dunbar,* 112 Ga.App. 102, 107, 143 S.E.2d 663, 668 (1965); *Hartford,* 102 Ga. App. at 388, 116 S.E.2d at 631.

**2.** The order stated that they would receive one-third of the benefits to be paid to the dependents from September 8, 1983, to November 13, 1984, and one-third of the benefits paid to the dependents after November 13, 1984, for a period not exceeding four hundred weeks.

ORDERED that the Objections to Confirmation filed by Phyllis M. Beasley, f/k/a Phyllis M. Chastain, and her minor children, Christy Diana Chastain and David Paul Chastain; Joanna B. Hannah; and Ray B. Burruss, Jr., are hereby sustained; and it is further

ORDERED that Debtor is allowed ten days from the date of this order within which to convert his case to Chapter 7 or Chapter 11 of the Bankruptcy Code, and in the event Debtor's case is not so converted, Debtor's case will stand dismissed ten days from the date of this order.

## ORDER ON MOTION FOR RECONSIDERATION OF ORDER ON OBJECTIONS TO CONFIRMATION DATED JANUARY 14, 1986

Debtor, Johnny E. Perry, d/b/a J & R Granite Co., filed his petition under Chapter 13 of the Bankruptcy Code on July 30, 1985. On October 23, 1985, five parties in interest, Joanna B. Hannah, Ray B. Burruss, Jr., Phyllis M. Beasley, f/k/a Phyllis M. Chastain, and her minor children, Christy Diana Chastain and David Paul

Chastain ("Objectors"), filed objections to confirmation of Debtor's Chapter 13 plan. The Objectors asserted that Debtor was not eligible for relief under Chapter 13 of the Bankruptcy Code because Debtor has noncontingent, liquidated, unsecured debts, as of the date he filed his Chapter 13 petition, that exceed the $100,000 ceiling limit of section 109(e) of the Bankruptcy Code.[1]

On January 14, 1986, this Court sustained the objections to confirmation and gave Debtor ten days in which to convert his case to Chapter 7 or Chapter 11 of the Bankruptcy Code or the case would be automatically dismissed. The Court found that the claims of the Objectors, based upon an order of the Georgia State Board of Workers' Compensation dated November 13, 1984,[2] and made the judgment of the Superior Court of Elbert County, Georgia, was final and binding and established a noncontingent, liquidated, unsecured debt owed by Debtor.[3] The Court determined that the amount owed to the Objectors under the workers' compensation award to-

1. Section 109(e) of the Bankruptcy Code provides:

   Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

   11 U.S.C.A. § 109(e) (West 1979).

2. In the order, the Administrative Law Judge made the following award:

   Johnny Perry, doing business as J and R Granite Company, a sole proprietorship, Employer, is hereby directed to pay PHYLLIS M. CHASTAIN, Widow/Claimant, compensation at the rate of $148.50 per week, for her use and the use of the minor children, commencing September 8, 1983, and continuing until terminated according to Law.
   Johnny Perry, doing business as J and R Granite Company, Employer, is further directed to pay the medical expenses and burial

   expenses as found above, subject to the statutory maximum of $1,500.00 for burial expenses.
   Johnny Perry, doing business as J and R Granite Company, Employer, is further directed to pay the Claimants' attorneys in a lump sum one-third (33⅓%) of benefits to be paid to the Widow/Claimant from September 8, 1983, to the date of this Award and one-third (33⅓%) of benefits to be paid hereafter, all without deduction from benefits paid or payable to the Widow/Claimant, subject to only 400 weeks unless sooner terminated according to Law.
   Accrued income benefits, medical and burial expenses, and assessed attorney's fees are due and payable upon issuance and receipt of this Award.
   *Chastain v. Perry*, Claim No. 253–90–6326, slip op. at 2–3 (Ga.Admin.Law Ct. Nov. 13, 1984).

3. Debtor argued that pursuant to 11 U.S.C.A. § 502(b)(2) (West 1979), the Objectors' workers' compensation award had to be discounted to its present value as of the date of the filing of Debtor's chapter 13 case. The Court found that the Objectors' claim did not contain unmatured interest, but merely involved the computation of the amount of Debtor's debt to the Objectors as established by the workers' compensation award.

taled $100,964.47.[4] After adding this amount to Debtor's other scheduled non-contingent, liquidated, unsecured debts,[5] the Court found that the total of Debtor's noncontingent, liquidated, unsecured debt totaled $120,073.64, which sum exceeded the $100,000 ceiling established by section 109(e). The Court, therefore, held that Debtor was not entitled to relief under Chapter 13 of the Bankruptcy Code.

On January 21, 1986, Debtor filed a "Motion for Reconsideration of Order on Objections to Confirmation Dated January 14, 1986." In Debtor's motion, Debtor requests the Court to reconsider the Court's computation of certain amounts awarded to the Objectors under the workers' compensation award. Debtor also requests the Court to reconsider whether the portion of the workers' compensation award awarded to the minor children is contingent.

■ For the following reasons, the Court grants Debtor's motion for reconsideration. Based upon a proper computation of the Objectors' award under the workers' compensation award, the Court determines that the total amount that Debtor owes the Objectors is $84,034.09,[6] not $100,964.47. Before adding this amount to Debtor's other scheduled noncontingent, liquidated unsecured debts, the Court first will reconsider if Debtor's debt to the minor children is contingent.

As the Court previously determined, the judgment of the Superior Court of Elbert County is final and binding. Debtor ar-gues that the debt to the minor children established by this judgment is contingent because the amount of the award would be reduced should both of the minor children die prior to the expiration of 400 weeks after September 8, 1983. Under the Bankruptcy Code, a claim is "contingent as to liability if the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor and if such triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred." *In re All Media Properties, Inc.,* 5 B.R. 126, 133, 6 Bankr. Ct.Dec. 586, 587, 2 Collier Bankr.Cas.2d 449, 456 (Bankr.S.D.Tex.1980), *aff'd per curiam,* 646 F.2d 193 (5th Cir.1981) (Unit A); *In re Lambert,* 43 B.R. 913, 922, 12 Bankr. Ct.Dec. 762, 767, 11 Collier Bankr.Cas.2d 693, 703 (Bankr.D.Utah 1984); *In re Blehm,* 33 B.R. 678, 680, 11 Bankr.Ct.Dec. 6, 7 (Bankr.D.Colo.1983). "[I]f a legal obligation to pay arose at the time of the original relationship, but that obligation is subject to being avoided by some future event or occurrence, the claim is not contingent as to liability...." *In re All Media,* 5 B.R. at 133, 6 Bankr.Ct.Dec. at 588, 2 Collier Bankr.Cas.2d at 456. The Court determines that no further event or occurrence is necessary to trigger Debtor's liability because Debtor's legal duty to pay the minor children arose under the workers' compensation award. Debtor's obligation to the dependents is simply unmatured.[7]

---

**4.** Under the workers' compensation award, the Court determined that the amount due to minor children was $73,549.93; medical and funeral expenses were $1,620.80; penalties under O.C.G.A. § 34–9–221(f) (Michie Supp.1985) were $2,931.81; and attorney's fees were $22,861.93.

**5.** In his Chapter 13 Statement, Debtor listed noncontingent, liquidated, unsecured debts, not including the debt owed to the Objectors, totaling $19,109.17.

**6.** Under the workers' compensation award, the amount due the minor children as dependents is $59,400; medical and funeral expenses are $1,620.80; penalties under O.C.G.A. § 34–9–221(f) (Michie Supp.1985) are $2,673; and attorneys' fees are $20,340.29.

**7.** "[A] distinction must be drawn between a *contingent obligation* and *an unmatured obligation.* With an unmatured obligation, the right to payment exists from the outset, but the time of payment is deferred. The maturation occurs with the mere passage of time as the date of payment draws nearer. But no outside, future occurrence in the contemplation of the parties is necessary to trigger the underlying obligation to pay." *In re Lambert,* 43 B.R. at 923, 12 Bankr.Ct.Dec. at 767, 11 Collier Bankr.Cas.2d at 703 (citing *In re All Media,* 5 B.R. at 133, 6 Bankr.Ct.Dec. at 588, 2 Collier Bankr.Cas.2d at 456) (emphasis added).

Debtor's debt to the Objectors, therefore, is noncontingent, liquidated, and unsecured.

Since the amount of Debtor's debt to the Objectors, as of the filing of the Chapter 13 case, is $84,034.09 and Debtor lists other noncontingent, liquidated, unsecured debts totaling $19,109.17, Debtor's noncontingent, liquidated, unsecured debt totals $103,143.26. This sum exceeds the $100,-000 ceiling established by section 109(e); therefore, Debtor is not entitled to relief under Chapter 13 of the Bankruptcy Code.

This order modifies only the amounts set forth in the Court's January 14, 1986, order and does not change the ultimate conclusion of the January 14, 1986, order that Debtor is not eligible for relief under Chapter 13 of the Bankruptcy Code.

Accordingly; it is

ORDERED that the "Motion for Reconsideration of Order on Objections to Confirmation Dated January 14, 1986," is hereby granted; and it is further

ORDERED that the Court's order on "Objections to Confirmation" be modified accordingly; and it is further

ORDERED that this order be entered on the docket on the date set out below.